No. 13817

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

PHIL YOUNG et al.,

Petitioners and Respondents,

-vs-

STILLWATER COUNTY COMMISSIONERS et al.,

Respondents and Appellants.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Anderson, Symmes, Brown, Gerbase, Cebull & Jones,
Billings, Montana
Joseph Gerbase argued, Billings, Montana

For Respondents:

Moulton, Bellingham, Longo & Mather, Billings, Montana
Ward Swanser argued, Billings, Montana

For Amicus Curiae:

Milodragovich, Dale and Dye, Missoula, Montana

_____

Submitted: June 8, 1978

Decided: AUG 4 - 1978

Filed:

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Respondents desired to plat two tracts of land, located within Stillwater County, which are part of the larger parcel, owned and subdivided by respondents. There is no dispute that the plats in question are "minor plats" within the meaning of the subdivision laws of the State of Montana, specifically section 11-3863(5), R.C.M. 1947.

On March 8, 1976, respondents submitted the two plats to appellant Stillwater County Planning Board for approval. On March 15, 1976, the Board denied summary approval of the plats and set the matter for a public hearing. Notice of said hearing was given pursuant to section 11-3866(3), R.C.M. 1947 and the hearing held on April 6, 1976. On April 19, 1976, the Planning Board disapproved the plats. Respondents appealed to appellant Stillwater County Commissioners, who, on May 17, 1976, affirmed the disapproval.

Respondents then petitioned for a writ of certiorari to the District Court, Stillwater County. Then both parties moved for summary judgment.

On February 28, 1977, the District Court, Honorable C. B. Sande presiding, granted summary judgment for respondents, reversing the decision of appellants and concluding as a matter of law:

> "That the County Commissioners and County Planning Board of Stillwater County attempted to apply the provisions relative to a major plat to a minor plat in violation of Montana law.
>
> " * * *
>
> "The minimum requirements of Montana law did not require or authorize a public hearing to be held on the plat to obtain input in accordance with requirements of a major under R.C.M. 11-3866.

" * * *

    "That the minor plats complied with all the
    requirements of Montana law and were eligible
    for summary approval and should have been
    approved by the County Commissioners and
    the County Planning Board of Stillwater
    County. * * * "

Appellants appeal the order of the District Court granting

summary judgment as aforesaid.

The District Court further ordered that the Stillwater

County Clerk and Recorder file the plats of record.  Pursuant

to that order, the plats were filed.  Thereafter, the land

was sold.  Appellants made no attempt to stay the order of

the District Court, or to enjoin the filing of the plats or

the sale of land pending appeal.

Considering the applicable statutes in effect at the

time of the decision of District Court, this Court must

affirm the decision and hold there is no statutory authority

for public hearings on "minor" plats absent local regulations

to that effect.

Section 11-3863 (5), R.C.M. 1947, makes clear that sub-

division plats containing five or fewer parcels (a "minor"

plat) where there is proper access, where no land in the

subdivision will be dedicated to public use, and which have

been approved by the Department of Health and Environmental

Sciences where such approval is required, shall be subject

to summary review and approval.  The only statutory require-

ment for a public hearing in any review procedure for a

subdivision plat is provided in section 11-3866, R.C.M. 1947.

However that section excepts from its procedural review

requirements any "plat eligible for summary approval."  Section

11-3866 (1), R.C.M. 1947.  A public hearing may be had on a

minor subdivision plat if such a hearing is required by local

regulations as indicated by the proviso to subsection (5) of section 11-3863, R.C.M. 1947: "reasonable local regulations may contain additional requirements for summary approval."

In the instant case the parcels in question were identified by the planning board as minor subdivision plats and eligible for summary review and approval. Therefore, unless the local regulations required a public hearing, no such public hearing was necessary under the statutory scheme set forth in section 11-3866. The planning board here admitted that it had no local regulations in effect at the time of the board action.

Appellants have argued that regulations promulgated by the Department of Community Affairs pursuant to the legislative direction given in section 11-3863 (2), R.C.M. 1947, are regulations the county can enforce as subdivision regulations in lieu of its own. This argument rests on a directive contained in section 11-3863(8), R.C.M. 1947, stating that if a county by July 1, 1974 had not adopted regulations regarding subdivisions, the Department of Community Affairs was to formulate reasonable regulations that the county could then be required to enforce until its own were adopted. Appellant contends that the regulation set forth at M.A.C. 1975 §22-2.4 (B)(6)-S420(1)(n), requiring local regulations to provide for summary review and approval procedures and for waiver of preliminary plat, environmental assessment and public hearing requirements, is such a regulation and under its authority the county can require a public hearing. Such is not the case. The regulations contained in Title 22, M.A.C. relating to subdivision are those regulations required by section 11-3863(2), to be prescribed to establish minimum requirements for subdivision regulations. They are not the regulations

-4-

required by section 11-3863(8), R.C.M. 1947 to be prescribed in the event the county did not meet the July 1, 1974 deadline. Apparently no such regulations were made for or adopted by Stillwater County. Therefore, in the absence of any local regulations requiring a public hearing, the appellants could only look to the statutory scheme for authority to hold a public hearing and none existed. The District Court was correct in its conclusion that no public hearing in this case was required or authorized to be held on the minor plats before summary approval.

The question has been raised by amici curiae briefs whether the public interest finding requirements in section 11-3866(4), R.C.M. 1947, should be read into section 11-3866 (6), R.C.M. 1947, which sets forth the review procedure for a minor plat, or whether the separate procedural requirements for major and minor plats mean separate standards for approval. Because section 11-3866(6), R.C.M. 1947, was not in effect on the dates pertinent to this appeal, we will not address that question at this time.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
Justices

Mr. Chief Justice Frank I. Haswell deems himself disqualified in this case.

-5-